UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL NEY BERRY,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET PACIFIC NORTHWEST INC., a foreign profit corporation doing business in the State of Washington,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP<br><br>28 U.S.C. §§ 1332(a), 1441, 1446(c) |

TO:        Clerk of the Court;

AND TO:    Michael Ney Berry, Plaintiff, pro se;

PLEASE TAKE NOTICE that Defendant Whole Foods Market Pacific Northwest, Inc. ("Whole Foods"), by this Notice, now effects the removal of the state action (filed on May 9, 2023, Cause No. 23-2-08457-8) described below from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446. Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of Washington, in and for the County of King, and shall be served upon all parties together with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

In support of their Notice of Removal, Defendant provides the following information:

NOTICE OF REMOVAL - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## I. JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

2. Whole Foods is the only Defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## II. PLEADINGS, PROCESS, AND VENUE

3. On May 9, 2023, Plaintiff initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint for Damages with that Court. A true and correct copy of the Complaint for Damages ("Complaint") is attached as **Exhibit 1**. A true and correct copy of the Order Setting Civil Case Schedule is attached as **Exhibit 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Exhibit 3**. A true and correct copy of the Summons is attached as **Exhibit 4**.

4. On May 12, 2023, Plaintiff first effected service of the Summons and Complaint in this action on Defendant through its registered agent for service of process in the State of Washington, CT Corporation. A true and correct copy of the Declaration of Service of Summons; Complaint; Case Schedule; Cover Sheet is attached as **Exhibit 5**.

5. Defendant appeared through its counsel in the action in King County Superior Court on May 22, 2023. A true and correct copy of Defendant's Notice of Appearance is attached as **Exhibit 6**.

6. On May 25, 2023, Plaintiff again filed the same Declaration of Service of Summons; Complaint; Case Schedule; Cover Sheet. A true and correct copy of the Declaration of Service of Summons; Complaint; Case Schedule; Cover Sheet is attached as **Exhibit 7**

7. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings on file in the state court proceeding.

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

8.      Venue is proper (for purposes of removal) in the Western District of Washington at Seattle. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Seattle because Plaintiff initiated the lawsuit in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

### III.    DIVERSITY OF CITIZENSHIP

9.      Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). As shown below, there is complete diversity of citizenship between the parties, and, on information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(3).

10.     <u>Citizenship of Plaintiff</u>.  At the time this action was commenced, based on information and belief, Plaintiff Michael Ney Berry was, and is, an individual and purports to be a citizen of the State of Florida. *See* Declaration of Michaela McGuire ("McGuire Decl."), at ¶¶ 6-8; *see generally* Exhibit 1, Complaint ("Compl.").

11.     Federal Rule of Civil Procedure ("FRCP") 11 provides that every pleading, including the Complaint must be signed by a party or an attorney for the party.  Further, it requires that the signature block "state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a).  Here, Plaintiff signed the Complaint, and represented that his address was in the state of Florida.  *See generally* Exhibit 1, Compl.

12.     <u>Citizenship of Defendant</u>.  At the time this action was commenced, and at the time of removal, Whole Foods was not, and is not, a citizen of the State of Florida.

13.     A corporation such as Whole Foods is a citizen of those states in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Whole Foods is a Delaware corporation which has a principal place of business in Austin, Texas. McGuire Decl., at ¶ 2. Thus, Whole Foods is a citizen of Delaware and Texas, but not Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("principal place of business" of a corporation "refers to the place

NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

where the corporation's high level officers direct, control, and coordinate the corporation's activities", which is often "metaphorically called its 'nerve center'").

14. Consequently, there is complete diversity of citizenship between Plaintiff Berry and Defendant Whole Foods.

### IV. AMOUNT IN CONTROVERSY

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. For the reasons set forth below, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. *See McClellon v. Wells Fargo Advisors Fin. Network, LLC*, No. C18-0852-JCC, 2018 U.S. Dist. LEXIS 131707, at *4 (W.D. Wash. Aug. 6, 2018) (the amount in controversy requirement is met even when Plaintiff's complaint does not specify the amount sought); *see also White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure by plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply be declining . . . to place a specific dollar value upon its claim."). Thus, Defendant needs only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996) (holding that where plaintiff's state court complaint does not specify a particular amount of damages, defendant bears the burden of establishing by a preponderance of the evidence of the amount in controversy); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, the defendant must only provide evidence establishing that

NOTICE OF REMOVAL - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold.
2  *Monumental Life Ins. Co.*, 102 F.3d at 404.

3      17.    The "plaintiff's complaint" is a court's "first source of reference in determining the
4  amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing
5  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The ultimate inquiry is
6  what amount is placed "in controversy" by Plaintiff's Complaint, not what a court or jury might later
7  determine to be the actual amount of damages, if any. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193,
8  1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition,
9  "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed
10 on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical Corp. v. Nat'l Ass'n*
11 *of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *see also St. Paul Mercury*, 303 U.S. at
12 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal");
13 *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy
14 for purposes of general diversity removal "encompasses all relief a court may grant on that complaint
15 if the plaintiff is victorious.").

16     18.    Through his Complaint, Plaintiff alleges that Defendant violated RCW 49.60.210 by
17 retaliating against Plaintiff for opposing discriminatory practices and terminating his employment.

18     19.    The remedies Plaintiff seeks in his Complaint are sufficient to satisfy the amount in
19 controversy. Plaintiff seeks lost wages including salary, bonuses, retirement benefits, health
20 insurance, and other benefits, medical expenses, mental anguish, emotional distress, permanent
21 damages, reasonable attorneys' fees and costs, and "[w]hatever further and additional damages this
22 Court shall deem just and equitable.". *See* Exhibit 1, Compl., at pp. 10 – 11 ("Demand for
23 Judgement"[*sic*]).

24 //
25 //
26 //

NOTICE OF REMOVAL - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

A.	**Economic Damages**

20.	Plaintiff seeks compensatory damages, encompassing lost wages and lost benefits, but he has not provided the dollar amount of the alleged lost wages sought. *See* Compl., Demand for Judgement [*sic*] at p. 10.

21.	Plaintiff's hourly rate of pay at the time his employment with Whole Foods ended was $27.00 per hour, and was eligible for overtime compensation, shift differential, shift premium, and holiday double time. McGuire Decl. at ¶5. Plaintiff's year-to-date earnings for 2019 which encompasses approximately 4 months of compensation after his transfer on August 26, 2019, was approximately $22,474.34. At the time of his separation (June 27, 2020), despite Plaintiff's absence, he had year-to-date compensation for 2020 of approximately $26,420.50. McGuire Decl. at ¶¶ 4-5. Accordingly, Plaintiff's annual compensation was approximately $67,423.02 ($22,474.34 x 3).

22.	Plaintiff's claim for backpay will continue to accrue during the pendency of this litigation, typically lasting an additional year or more. *Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 1999) (back pay damages are determined by measuring the difference between actual earnings for the period and those which the employee would have earned absent the alleged discrimination). Thus, Plaintiff's potential claim for backpay alone would encompass approximately 4 years, or $269,692.08 ($67,423.02 x 4 years), not accounting for potential mitigation.

23.	Moreover, even conservatively estimating that Plaintiff seeks front pay damages of one year, the amount of future wages in controversy in this case would total at least an additional $67,423.02.

24.	In addition, Plaintiff's alleged medical expenses further increase the amount in controversy beyond the jurisdictional minimum of $75,000.

25.	Thus, Plaintiff's total economic damages place at least $337,115.10 ($269,692.08 + 67,423.02) in controversy. Accordingly, the economic component of the amount in controversy alone meets the threshold for diversity jurisdiction.

NOTICE OF REMOVAL - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**B.     Non-Economic Damages**

26.     Plaintiff also seeks general damages for mental anguish, permanent damages, and emotional distress, including but not limited to stress, anxiety, depression, and humiliation. *Id.*, Demand for Judgement [*sic*], at p. 10.

27.     Settlements and jury verdicts in analogous cases are sufficient to satisfy the amount in controversy requirement for removal of this action to federal court. *Smith v. Monster Beverage Corp.*, C16-5124 BHS, 2016 WL 2586637 (W.D. Wash. May 5, 2016). Plaintiffs alleging similar claims in recent cases have been awarded jury verdicts in excess of $75,000. *See generally*, *Ellis on behalf of Corliss v. Larson Motors Inc.*, BR 15-43566, 2017 WL 4758763 (W.D. Wash. Oct. 20, 2017) (plaintiff awarded $500,000 in general damages for claims of hostile work environment and retaliation); *Erickson v. Biogen, Inc.*, No. C18-1029-JCC, 2019 WL 2525424 (W.D. Wash. June 19, 2019) (plaintiff awarded $1,690,222 in general damages for claims of gender discrimination, retaliation, and wrongful termination); *Johnson v. Albertsons, LLC*, No. 2:18-CV-01678, 2020 WL 1667863, (W.D. Wash. Mar. 9. 2020) (plaintiff awarded $750,000 in general damages for claims of retaliation and sex discrimination). Accordingly, based on recent verdicts in cases with similar claims, the amount in controversy for general and special damages on Plaintiff's employment discrimination claims easily exceeds $75,000.

**V.     TIMELINESS OF REMOVAL**

28.     Plaintiff's Complaint constitutes the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with the Complaint on May 12, 2023. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal within thirty (30) days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

NOTICE OF REMOVAL - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

29. Written notice of the filing of this Notice of Removal will be given to all parties who have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of King, where Plaintiff commenced this action.

## VI. RESERVATION OF RIGHTS

30. In the event this Court should be inclined to remand this action, Whole Foods requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

31. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

WHEREFORE, Defendant respectfully requests that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

Dated: June 1, 2023

/s/ Derek A. Bishop
Derek A. Bishop, WSBA #39363
debishop@littler.com
Brian (Heyun) Rho, WSBA #51209
brho@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax:    206.447.6965

Attorneys for Defendant
WHOLE FOODS MARKET PACIFIC NORTHWEST INC.

NOTICE OF REMOVAL - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on June 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Court and to the following:

> **Plaintiff – Pro Se**
>
> Michael Ney Berry
> 413 N Horse Prairie Rd
> Inverness, FL 34450
> Tel: 786.516.1814
> michaelneyberry@gmail.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct.

Executed on June 1, 2023, at Seattle, Washington.

/s Karen Fiumano Yun
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

4861-6362-4294.4 / 099817-1180

NOTICE OF REMOVAL - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300