UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BERRY,

    Plaintiff,

v.

WHOLE FOODS MARKET PACIFIC NORTHWEST, INC.,

    Defendant.

CASE NO. 2:23-cv-819 MJP

ORDER DENYING APPLICATION FOR COURT APPOINTED COUNSEL

This matter comes before the Court on Plaintiff's Application for Court Appointed Counsel. (Dkt. No. 13.) Having reviewed the Motion, the Complaint (Dkt. No. 1-2), and all supporting materials, the Court DENIES the Motion.

Plaintiff initiated this case in state court alleging his former employer, Whole Foods Market, violated the Washington Law Against Discrimination ("WLAD") when it terminated his employment. (Compl. at 9-10.) Whole Foods then removed this action to federal court under diversity jurisdiction. (Dkt. No. 1.) Plaintiff now asks the Court to appoint counsel to represent him.

       Generally, civil litigants have no right to have counsel appointed. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). If "exceptional circumstances" warrant, a court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Palmer, 560 F.3d at 970. Whether the circumstances are exceptional enough to warrant appointed counsel requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these considerations is dispositive; instead, they must be viewed together. Id.

       Plaintiff has not demonstrated exception circumstances exist in this case that justify the appointment of counsel. His claim under the WLAD does not appear to be complex and he is able to articulate the claim with clarity. Indeed, Plaintiff's filings to date demonstrate he is capable of articulating his claims and bringing motions before the Court. At this early phase of the case, the Court cannot conclude that Plaintiff is likely to succeed on the merits of the case. Accordingly, Plaintiff has not demonstrated that his case involves the type of exception circumstances that warrant appointment of counsel by the Court.

       For the reasons articulated above, the Court DENIES Plaintiff's Application for Court-Appointed Counsel. Unless Plaintiff retains counsel, he will be responsible for pursuing the case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website at this address: https://www.wawd.uscourts.gov/representing-yourself-pro-se. Although the court affords some leeway to pro se litigants, Plaintiff must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington Local Rules, which can also be found on the Western District of Washington's website.   .

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated November 6, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge