UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL NEY BERRY,<br><br>     Plaintiff,<br><br> v.<br><br>WHOLE FOODS MARKET PACIFIC NORTHWEST, INC.,<br><br>     Defendant. | CASE NO. C23-819 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant's Motion to Compel. (Dkt. No. 18.) Having reviewed the Motion and all supporting materials, and noting the lack of any response from Plaintiff, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff Michael Ney Berry filed suit against Whole Foods Market Pacific Northwest Inc., and pursues claims of wrongful termination and retaliation in violation of the Washington Law Against Discrimination. (Complaint (Dkt. No. 1-2).) Berry is representing himself in this matter. Although Berry has actively litigated this case and participated with Whole Foods in

exchanging initial disclosures and filing the Joint Status Report, Berry has not responded to Requests for Production (RFPs) and Interrogatories that Whole Foods served in October 2023. (Declaration of Brian Rho ¶¶ 3-5 (Dkt. No. 19).) Whole Foods has attempted to confer with Berry about the discovery from late November 2023 through January 2024. (Id. ¶ 4.) But Berry has not responded to telephone calls and emails, which prompted Whole Foods to file its Motion to Compel on January 22, 2024. (Dkt. No. 18.) Through the Motion, Whole Foods seeks an order compelling Berry to respond to the RFPs and Interrogatories. It also asks the Court to continue the trial date and related deadlines by 90 days given that discovery ended on February 23, 2024, dispositive motions are due on March 25, 2024, and trial is set for July 22, 2024.

**ANALYSIS**

First, the Court finds that Whole Foods has made sufficient efforts to meet and confer with Berry prior to filing this Motion to satisfy the requirements of Local Civil Rule 37(a)(1). Counsel reached out by both phone and email over many months, but to no avail. Given these efforts, the Court finds Whole Foods satisfied the meet and confer prerequisite.

Second, the Court GRANTS the Motion to Compel. There do not appear to be any obvious reasons that might excuse Berry's failure to provide discovery responses, and Berry has not responded to the Motion itself. The Court therefore ORDERS Berry to provide responses to the RFPs and Interrogatories within 10 days of entry of this Order. Additionally, Berry must file a separate notice with the Court that he has provided responses to the RFPs and Interrogatories. If Berry fails to do so, the Court will issue an Order to Show Cause as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Third, although the Court agrees with Whole Foods that some extension of the case schedule may be necessary if Berry provides the responsive discovery, it will adjust the case

schedule only after Berry provides the responsive discovery. As needed, the Court will provide further direction to the Parties as to what information it will need in order to adjust the schedule.

## CONCLUSION

Whole Foods is entitled to obtain responses to the RFPs and Interrogatories it served on Berry. Berry has not responded and there appears to be no valid reason to excuse his failure to respond. The Court therefore GRANTS the Motion to Compel and ORDERS Plaintiff to provide the discovery sought within 10 days of entry of this Order. The Court further ORDERS Berry provide the Court within 10 days of this Order a separate notice of his compliance. If Berry fails to file the notice, the Court will issue an Order to Show Cause as to why this case should not be dismissed for failure to prosecute. If Berry does file the notice, the Court will provide further guidance to the Parties to gather sufficient information to adjust the case schedule.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated February 29, 2024.

Marsha J. Pechman
United States Senior District Judge